Eastern District of Kentucky
FILED
DEC 28 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 06-422-JMH

BILLY D. SHEENE                                                           PLAINTIFF

VS:            **MEMORANDUM OPINION AND ORDER**

ALLEN WESTON, ET AL.                                                   DEFENDANTS

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

The plaintiff, Billy D. Sheene, is a prisoner incarcerated at the Lincoln County Regional Jail. Proceeding *pro se*, he has filed a complaint pursuant to 42 U.S.C. §1983 challenging his arrest on Due Process grounds [Record No. 2]. The Court has granted his application to proceed *in forma pauperis* under 28 U.S.C. §1915 [Record No. 3] by separate Order.

The Court screens civil rights complaints pursuant to 28 U.S.C. §1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). As Sheene is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2).

DISCUSSION

In his complaint, Sheene alleges that on November 16, 2006, while he was in his car, Officer

Weston approached him to determine if he was operating the vehicle under the influence of alcohol or drugs. Weston required Sheene to provide him with a urine sample for testing. Sheene attempted unsuccessfully to provide him a urine sample for 10 minutes, explaining that a kidney condition caused by a 1992 motorcycle accident prevented him from providing the sample. Weston was arrested for operating a motor vehicle under the influence of drugs. The Court infers from Weston's present incarceration that he was convicted of that charge. Sheene alleges that Weston violated his rights under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States by not offering him the option to perform a breathalyzer test or provide blood for testing. Sheene seeks to hold the Lancaster Police Department liable for having hired Weston and to hold the City of Lancaster liable for not adequately overseeing the police department's operations. Sheene seeks $100,000 in money damages.

Sheene's complaint must be dismissed as prematurely filed. As the Sixth Circuit Court of Appeals has succinctly stated:

> In general, a state prisoner does not state a cognizable claim under §1983 if a ruling on his claim would necessarily imply the invalidity of his conviction and confinement, until the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir.1995). Moreover, "the concerns of *Heck* apply pre-conviction as well as post-conviction." *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 398 (6th Cir.1999). Thus, "*Heck* precludes §1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges." *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir.1999).
>
> Reese's §1983 action is barred by *Heck*. Reese alleged that he was denied a speedy trial and the effective assistance of counsel while being held in a county jail on pending drug charges. The district court emphasized Reese's speedy trial claim, while on appeal Reese emphasizes the alleged ineffectiveness of his appointed

> attorneys. Reese's claims are barred in any event because a judgment in his favor would necessarily imply the invalidity of any conviction or sentence that might result from the pending charges. *See Beck,* 195 F.3d at 557. Reese can bring a §1983 claim only if the charges against him are dismissed, or if he is convicted and has the conviction set aside. Until that time, any §1983 action is premature.

*Reese v. Gorcyca,* 55 Fed.Appx. 348, 350 (6th Cir. 2003). Because the claims raised in Sheene's complaint would, if proven, "necessarily imply the invalidity of [his] conviction," Plaintiff's cause of action, if any might exist, has yet to accrue. *Heck v. Humphrey,* 512 U.S. 477, 486-90 (1994) (any claim that would invalidate the plaintiff's conviction does not accrue until the conviction is overturned on direct appeal or invalidated on collateral attack). His complaint must therefore be dismissed as premature. *See Shamaeizadeh v. Cunigan,* 182 F.3d 391, 397-98 (6th Cir. 1999); *Alvarez-Machain v. United States,* 107 F.3d 696, 700-01 (9th Cir.1996); *Hamilton v. Lyons,* 74 F.3d 99, 102-03 (5th Cir.1996) (applying *Heck* to suit filed by pretrial detainee).

## CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1) Plaintiff Billy D. Sheene's complaint is **DISMISSED**, without prejudice.

(2) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth,* 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman,* 117 F.3d 949 (6th Cir. 1997).

This the 27th day of December, 2006.

*/s/ Joseph M. Hood*
JOSEPH M. HOOD, CHIEF JUDGE